[Cite as *Estate of Mikulski v. Toledo Edison Co.*, 2026-Ohio-2508.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Estate of Jerome R. Mikulski | Court of Appeals No.  L-25-00183 |
| Appellant | Trial Court No.  CI-2024-4994 |
| v. | |
| The Toledo Edison Company | **DECISION AND JUDGMENT** |
| Appellee | Decided: June 30, 2026 |

* * * * *

Eric H. Zagrans and Dennis P. Barron for appellant.

Peter B. Morrison, Allen L. Lanstra, and Zachary Faigen for appellee.

* * * * *

**SULEK, J.**

{¶ 1} Appellant the Estate of Jerome R. Mikulski ("Mikulski") appeals the judgment of the Lucas County Court of Common Pleas, which dismissed Mikulski's class-action complaint against appellee The Toledo Edison Company ("TE").  For the reasons that follow, the trial court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} In 1985 and 1986, Mikulski owned common shares of TE.

{¶ 3} In 2002, Mikulski initiated four separate class-action complaints: one against TE in Lucas County, one against Cleveland Electric Illuminating Company ("CEI") in Cuyahoga County, and two against Centerior Energy Corporation ("Centerior") in Cuyahoga County. Notably, TE and CEI eventually merged into Centerior. The complaints were similar and centered around Mikulski's belief that the electric companies fraudulently inflated their earnings and profits, such that distributions made to shareholders would be classified as dividends as opposed to returns of capital. Specifically, as to TE, Mikulski alleged that TE fraudulently reported distributions of $92 million in 1985 and $45.6 million in 1986 that were categorized as 100 percent dividends when, in fact, they should have been categorized as 97 percent returns of capital.

{¶ 4} Mikulski sought to certify a class generally comprised of "All common shareholders of . . . TE, and all beneficial owners of TE common shares, from January 1985 through April 1986, inclusive, who were issued, in either of the calendar years 1986 or 1987, a Form 1099-DIV or substitute therefor by TE or its agents reporting the tax status of distributions made by TE during either of the calendar years 1985 or 1986." It further sought to certify a subclass comprised of "All members of the class who were issued, in either of the calendar years 1986 or 1987, a Form 1099-DIV or substitute therefore by TE or its agents reporting the tax status of distributions made by TE during either of the calendar years 1985 or

2.

1986, and who paid a state or federal income tax for either such year . . ..” *Estate of Mikulski v. Toledo Edison Co.*, 2021-Ohio-361, ¶ 9-10 (6th Dist.).

{¶ 5} After a lengthy delay occasioned by the removal of the proceedings to federal court and an agreement to stay the proceedings pending resolution of the companion cases in Cuyahoga County, the trial court certified the subclass but not the class. In denying certification of the class, it found that the Estate failed to demonstrate an actual injury with respect to its fraudulent misrepresentation claim. On appeal, this court reversed the trial court's judgment certifying the subclass and affirmed the judgment denying certification of the class.

{¶ 6} As to the subclass, this court found that Mikulski failed to satisfy the predominance requirement of Civ.R. 23(B)(3). Specifically, it found that "there is no common evidence which shows that all subclass members suffered an injury, as it cannot simply be assumed that any [tax] payment by the shareholder was an overpayment," and there is likewise "no generalized, common proof of the amount of each member's damages, assuming an injury was suffered." *Id.* at ¶ 44. This court reasoned that

> the 1986 and 1987 state and federal tax returns of each subclass
> member will have to be further examined, individually, to arrive at
> [the amount of each member's damages]. These undertakings
> cannot be accomplished by a statistical model for the entire subclass,
> as the circumstances surrounding whether each subclass member
> was injured, and if so, to what extent, will have to be separately
> decided based on each subclass member's individual situation.

*Id.*

3.

{¶ 7} As to the class, this court held that Mikulski failed to demonstrate standing to bring its claim of an informational injury. *Id.* at ¶ 58. Relying on *Smith v. Bank of Am., N.A.*, 679 Fed.Appx. 549 (9th Cir. 2017), this court reasoned that standing requires a concrete injury, which Mikulski's allegations did not demonstrate. It noted that Mikulski "failed to demonstrate how the erroneous form affected its reliance on the information, or how it relied on the erroneous info, or it paid more in taxes based on the erroneous information contained in the tax form." *Id.* Further, this court determined that Mikulski's claim of injury based on an allegation that it may be subject to liability if audited by the IRS was not concrete "because it is only a possibility that the IRS would punish a taxpayer-shareholder for relying on a form provided to it by a corporation." *Id.* at ¶ 59.

{¶ 8} Notably, approximately two years earlier in *Estate of Mikulski v. Centerior Energy Corp.*, 2019-Ohio-983 (8th Dist.), *appeal not accepted* 2019-Ohio-4840, the Eighth District similarly rejected Mikulski's attempts to certify a class and subclass that were functionally identical to those before this court. Like this court's decision, the Eighth District held that the subclass should not be certified because "there is no common proof that will establish injury for each class member," and "[a]pplying United States federal income tax law to each member of the Subclass to determine whether that member was actually injured (i.e., overpaid his or her taxes in the relevant years) requires an individualized inquiry that fails to satisfy the predominance requirement under Civ.R. 23(B)(3)." *Id.* at ¶ 50. It likewise held that the class should not be certified because the

4.

"informational" injury of receiving a mischaracterized 1099-DIV form was "not sufficient to constitute an injury for standing or class-certification purposes." *Id.* at ¶ 61.

{¶ 9} Following the denial of class certification, Mikulski voluntarily dismissed its case against TE, and one year later refiled it as the present case. The proposed class described in the new complaint is nearly identical to the class that was rejected in the previous litigation:

> all common shareholders of TE, and all beneficial owners of TE common shares, from January 1, 1985 through April 29, 1986, inclusive, who were issued in either calendar year 1986 or calendar year 1987 a Form 1099-DIV or substitute therefor by TE or its agents reporting the tax status of distributions made to them by TE during the calendar years 1985 or 1986, respectively . . ..

The proposed subclass is different, consisting of "all members of the Class who exchanged their TE common shares for common shares of Centerior in the merger that occurred on or about April 29, 1986 (the "Merger")."

{¶ 10} The complaint alleged that TE's false representation caused three economic injuries to the class and subclass: "the Inflated Dividend Injury, the Deflated [Return of Capital] Injury, and the Providing Property of a Materially Different Character than Represented Injury." In addition, the complaint alleged that TE's conduct caused the subclass to suffer a "Tax-Free Exchange Treatment Injury." It further alleged that the class and subclass suffered those injuries "immediately upon TE's issuance to them of the false and fraudulent Forms 1099-DIV."

5.

**{¶ 11}** TE moved to dismiss the complaint, arguing that Mikulski lacked standing because the purported injuries were not concrete. Notably, in its opposition to the motion to dismiss, Mikulski asserted that the class members have purportedly sustained large monetary losses from needlessly paid federal and state income taxes. Mikulski recognized, however, that recovery for those losses could not be achieved through the class-action mechanism because of a failure to satisfy the predominance requirement under Civ.R. 23(B)(3). Mikulski therefore noted that it had deleted the allegations of the class members' losses when it filed the present complaint. Instead, Mikulski relied on the receipt of the tax forms as the injury itself, without any further allegations that the class members "sustained any monetary or financial loss."

**{¶ 12}** On July 11, 2025, the trial court granted TE's motion and dismissed Mikulski's complaint. The trial court agreed that Mikulski's four proposed injuries were not concrete, and that they were "therefore insufficient to confer standing on [Mikulski]."

## II. Assignments of Error

**{¶ 13}** Mikulski timely appeals the trial court's July 11, 2025 judgment, asserting four assignments of error for review:

> 1. The trial court committed reversible error as a matter of law when it dismissed Mikulski's Complaint for lack of standing because it erroneously limited and confined the sound reasoning and logic of the *Smith v. Bank of America* and *Rovai v. Select Portfolio Servicing* decisions in an unreasonable and overly literal manner to conclude that the Inflated Dividend and Deflated Return of Capital

6.

("ROC") injuries were not sufficiently concrete to confer standing on Mikulski.

2. The trial court committed reversible error as a matter of law when it dismissed Mikulski's Complaint for lack of standing because it erroneously concluded that invasions of legally protected interests do not constitute concrete injuries under Ohio law.

3. The trial court committed reversible error as a matter of law when it dismissed Mikulski's Complaint for lack of standing because it erroneously failed to apply established Ohio injury law to recognize the "immediacy and completeness" of the injury Mikulski suffered from Toledo Edison's fraudulently providing to Mikulski property of a materially different character than it had represented on the Forms 1099-DIV issued to Mikulski.

4. The trial court committed reversible error as a matter of law when it dismissed Mikulski's Complaint for lack of standing because it erroneously failed to apply established Ohio injury law to recognize the "immediacy and completeness" of the tax-free exchange injury that Mikulski suffered upon Toledo Edison's issuance of the fraudulent Forms 1099-DIV to Mikulski.

### III. Analysis

{¶ 14} This court reviews de novo a trial court's decision granting a Civ.R. 12(B)(6) motion to dismiss. *Veller v. K.B.*, 2025-Ohio-687, ¶ 18 (6th Dist.), citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. "To dismiss a complaint for failure to state a claim, 'it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" *Id.*, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12.

7.

{¶ 15} At issue in each of Mikulski's assignments of error is whether it has standing to bring the class-action claims. As this court previously recognized in *Mikulski*,

> "To have standing, plaintiffs must show that they have suffered an injury that is fairly traceable to the defendants' allegedly unlawful conduct and that is likely to be redressed by the requested relief." *Estate of Mikulski [v. Centerior Energy Corp.]*, 2019-Ohio-983, 133 N.E.3d 899, ¶ 59 [(8th Dist.)], citing *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22. "'"Perhaps the most basic requirement to bringing a lawsuit is that the plaintiff suffer some injury. Apart from a showing of wrongful conduct and causation, proof of actual harm to the plaintiff has been an indispensable part of civil actions.'"" *Id.*, quoting *Felix [v. Ganley Chevrolet, Inc.]*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224 at ¶ 36. An "injury-in-fact" is essential to find the class representative possesses standing to pursue redress for common injury, shared by the class. *Strickler v. Ohio Banc & Lending, Inc.*, 9th Dist. Lorain No. 12CA010178, 2013-Ohio-1221, 2013 WL 1286010, ¶ 8.
>
> In order to demonstrate a party has standing, the party must allege an injury that is "concrete and not simply abstract or suspected to be compensable." *State ex rel. Food & Water Watch v. State*, 153 Ohio St.3d 1, 2018-Ohio-555, 100 N.E.3d 391, ¶ 20. Most importantly, a concrete injury is required even when the party alleges a statutory violation. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S.Ct. 1540, 1549, 194 L.Ed.2d 635 (2016). The demonstration of a concrete injury is still necessary because a statutory violation "may result in no harm" or even "any material risk of harm." *Id.* at 1550.

*Estate of Mikulski v. Toledo Edison Co.*, 2021-Ohio-361, ¶ 53-54 (6th Dist.)

{¶ 16} Recently, in *Estate of Mikulski v. Centerior Energy Corp.*, 2025-Ohio-5041, ¶ 43-68 (8th Dist.), *appeal not accepted*, 2026-Ohio-2109, which involved functionally identical claims and proposed classes, the Eighth District examined the same arguments that are now presented by Mikulski. It rejected

8.

those arguments and held that "the class and the subclass have not alleged sufficient injury to confer standing and warrant class certification." *Id.* at ¶ 68. This court agrees with and adopts the Eighth District's analysis. In the end, regardless of how it is packaged, Mikulski's mere receipt of allegedly incorrect tax forms in 1985 and 1986 is not a concrete injury sufficient to confer standing.

**{¶ 17}** Accordingly, Mikulski's assignments of error are not well-taken.

### IV. Conclusion

**{¶ 18}** For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Mikulski is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, P.J. | |
| --- | --- |
| | JUDGE |
| Christine E. Mayle, J. | |
| | JUDGE |
| Charles E. Sulek, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

9.